**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANNA MARIA MANNARINO,

Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2002-NC5, et al.,

Defendants.

Civil Action No. 14-7771 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC, New Century Mortgage Corporation, New Century Capital Corporation, Morgan Stanley Dean Witter Mortgage Capital I Inc., and Morgan Stanley Dean Witter Mortgage Capital, Inc.'s (collectively, "Defendants") motion to dismiss Plaintiff Anna Maria Mannarino's ("Plaintiff" or "Mannarino") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 16.) Plaintiff filed opposition and a cross-motion for leave to file an amended complaint. (ECF No. 20.) The Court, having considered the parties' arguments, decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendants' motion to dismiss and denies Plaintiff's motion to amend.

## I. **Background**

The following background information addresses only those allegations and facts relevant to the motions under consideration. In August 2012, Deutsche Bank filed an action in the Superior Court of New Jersey ("State Court") for foreclosure on Mannarino's home after she defaulted on her mortgage payments ("Foreclosure Action"). (Decl. of Michael J. Clark ("Clark Decl."), Ex. A ("Foreclosure Compl.") 2, ECF No. 16-4.) In the foreclosure Action, Mannarino raised a number of defenses including lack of standing, failure to comply with New Jersey's Fair Foreclosure Act, improper assignment of the mortgage, failure to adequately describe the parties' loan modification agreement, and improper endorsement of the note. (Clark Decl., Ex. B ("Foreclosure Answer") 5-6, ECF No. 16-5.) On June 21, 2013, Deutsche Bank filed a motion for summary judgment. (ECF No. 16-5.) On August 23, 2013, the State Court entered an order granting Deutsche Bank's motion for summary judgment. (ECF No. 16-7.) On September 9, 2014, Deutsche Bank moved for entry of final judgment (ECF No. 16-8), and on December 2, 2014, final judgment was entered in Deutsche Bank's favor (ECF No. 16-9).

Plaintiff filed the present action against Defendants on October 16, 2014, in the Superior Court of New Jersey. She alleges violations of the New Jersey Code of Criminal Justice, N.J.S.A. 2C:21-3 ("2C:21-3"); the Federal Truth-In-Lending Act, 15 U.S.C. § 1641 ("TILA"); and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1-2 ("CFA"),[1] as well a claim for "fraud on the court." (Notice of Removal, Ex. A ("Compl.") ¶¶ 62-122, ECF No. 1-1.) Plaintiff's claims are supported by what can be categorized as four different sets of facts: (1) Defendants' making of false

---

[1] Count Three of Plaintiff's Complaint asserts a claim under the CFA but cites to N.J.S.A. 45:8-1, which is inapposite. (Compl. ¶¶ 80-95.) Counts Four and Five cite to the CFA but assert claims under the "New Jersey Unfair or Deceptive Acts or Practices Act." (Compl. ¶¶ 96-110.) There is no such statute; accordingly, the Court construes all three counts to assert claims under the CFA.

statements and certifications in the Foreclosure Action regarding the date and validity of their ownership of Plaintiff's mortgage loan; (2) Defendants' false statements to Plaintiff in November 2010 regarding the opportunity to modify the mortgage; (3) Defendants' false statements to Plaintiff in 2012 as to whether a modification was ever available; and (4) Defendants' failure to notify Plaintiff of the assignment of her mortgage. Defendants removed the action to this Court and filed the instant motion to dismiss. Defendants argue that Plaintiff's claims are barred by collateral estoppel, New Jersey's entire controversy doctrine, and res judicata. Defendants further argue that, aside from the preclusion doctrines, Plaintiff's claims fail as a matter of law. Plaintiff argues that her claims are not barred and cross-moves to amend her complaint. Plaintiff's proposed amended complaint contains additional allegations, including that Defendants failed to properly credit Plaintiff for payments on the mortgage, which resulted in the imposition of improper fees, in support of additional claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e)-(f) ("FDCPA") and TILA. The proposed amended complaint also further clarifies the allegations contained in the initial pleading.

## II.     Legal Standards

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). An affirmative defense can serve as grounds for a Rule 12(b)(6) motion to dismiss "if

3

the predicate establishing the defense is apparent from the face of the complaint." *Bethel v. Jendoco Consrt. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978).

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). When a complaint is subject to a Rule 12(b)(6) dismissal, amendment should be permitted unless it is prejudicial or futile. *Phillips*, 515 F.3d at 245. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115. The futility of an amendment is assessed under the same standard as Rule 12(b)(6); therefore, a plaintiff must be allowed to amend a complaint subject to such a dismissal "unless the amendment would not cure the deficiency." *Id.*

### III. Analysis

#### A. New Jersey Entire Controversy Doctrine

Defendants assert that all of Plaintiff's claims are barred by the New Jersey entire controversy doctrine. The New Jersey Supreme Court has described the doctrine's purpose as threefold: (1) the need for "complete and final disposition of cases through avoidance of piecemeal decisions; (2) fairness to parties to an action and to others with a material interest in it; and (3) efficiency and avoidance of waste and delay." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999) (citing *DiTrolio v. Antiles*, 142 N.J. 253, 267 (1995)). "[The doctrine] compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred." *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471 (3d Cir. 2011). *Coleman* provides a detailed explanation of how the doctrine functions:

4

> New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims arise from related facts or from the same transaction or series of transactions. It is a commonality of facts, rather than commonality of issues, parties, or remedies that defines the scope of the controversy. The limits of the entire controversy doctrine with regards to foreclosure actions are necessarily somewhat narrower, as N.J. Ct. R. 4:64-5 requires that only germane counterclaims may be joined in a foreclosure action.
> 
> Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action.

*Id.* at 471-72 (internal quotation marks and citations omitted). "Courts have considered several types of claims germane to a New Jersey foreclosure action, including those challenging the circumstances surrounding origination of the loan, challenging the validity of the loan itself, and challenging the amount due on the mortgage." *Zebrowski v. Wells Fargo Bank, N.A.*, No. 07-5236, 2010 WL 2595237, at *6 (D.N.J. June 21, 2010).

Here, all of Plaintiff's claims are germane to the Foreclosure Action and are thus barred by the entire controversy doctrine.[2] As discussed, Plaintiff's claims rely on four related factual circumstances: Defendants' false representations regarding their ownership of the loan, Defendants' false representations regarding modification, Defendants' false representations regarding the availability of loan modification, and Defendants' failure to notify Plaintiff of the assignment of her mortgage. All of these factual circumstances occurred prior to the Foreclosure

---

[2] Additionally, Plaintiff asserts a claim against Defendants under N.J.S.A. 2C:21-3, which is a criminal statute that makes the fraudulent destruction, removal or concealment of recordable instruments a crime of the third degree. N.J.S.A. 2C:21-3. The statute also provides that a person is guilty of a disorderly persons offense when that person offers to a public office or public servant a written instrument that knowingly contains a false statement. *Id.* Private citizens are generally not allowed "to enforce the state penal laws," and "[v]iolations of these laws 'are left to the agencies charged with the enforcement of the criminal law.'" *Matter of State Comm'n of Investigation*, 108 N.J. 35, 42 (1987). A private cause of action could be implied from the legislative intent of the state penal law, *id.*, but 2C:21-3(a) or (b) does not contain any such implication. Accordingly, Plaintiff's N.J.S.A. 2C:21-3 claim fails as a matter of law.

5

Action and directly impact Defendants' ability to foreclose on the loan and are thus germane to the Foreclosure Action. Accordingly, Plaintiff should have asserted these claims in the Foreclosure Action, and Plaintiff's Complaint is dismissed with prejudice.

### B.  Plaintiff's Cross-Motion to Amend

The claims in Plaintiff's proposed amended complaint rely on either the same categories of claims contained in her original Complaint or other factual circumstances barred by the entire controversy doctrine and are thus futile. Specifically, Plaintiff's proposed amended complaint asserts another TILA claim that relies on Defendants' failure to notify her of the assignment of her mortgage. Because the Court finds that Plaintiff's previous claim that relies on these factual circumstances is barred by the entire controversy doctrine, so is the newly asserted claim. In addition, Plaintiff asserts additional claims under the FDCPA based on unwarranted fees. Such claims are routinely dismissed under the entire controversy doctrine because they are germane to foreclosure. *See, e.g., Coleman*, 446 F. App'x at 471. Accordingly, Plaintiff's proposed amended complaint contains only futile claims, and Plaintiff's cross-motion for leave to amend is denied.

### IV.  Conclusion

For the above reasons, the Court grants Defendants' motion to dismiss and denies Plaintiff's cross-motion to amend. An order reflecting these decisions accompanies this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 14, 2015

6