UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANNA MARIA MANNARINO,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2002-NC5, et al.,

    Defendants.

Civil Action No. 14-7771 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Anna Maria Mannarino's ("Plaintiff" or "Mannarino") Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of the Court's September 14, 2015 Order granting Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC, New Century Mortgage Corporation, New Century Capital Corporation, Morgan Stanley Dean Witter Mortgage Capital I Inc., and Morgan Stanley Dean Witter Mortgage Capital, Inc.'s (collectively, "Defendants") Motion to Dismiss and denying Plaintiff's Cross-Motion for Leave to File an Amended Complaint ("Sept. 14, 2015 Or.", ECF No. 24). (ECF No. 25.) Defendants filed a brief in opposition. (ECF No. 29.) The Court, having considered the parties' submissions, decides the matter without oral argument pursuant to Local Civil Rule 78.1.

On September 14, 2015, the Court granted Defendants' motion to dismiss Plaintiff's Complaint and denied Plaintiff's motion for leave to file an amended complaint. (Sept. 14, 2015 Or.) In its September 14, 2015 Opinion, the Court held that the claims in the Complaint were barred by the New Jersey entire controversy doctrine because all of the claims asserted were

germane to a prior state court foreclosure action. (Sept. 14, 2015 Op. ("Op.") 5, ECF No. 23.) Plaintiff now moves for reconsideration of this decision and order. (ECF No. 25.)

The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *See* L. Civ. R. 7.1(i) (governing motions for reconsideration). To prevail on a motion for reconsideration under Rule 59(e), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). "To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 353 (D.N.J. 2001)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *Id.* at 78 (citation omitted).

In support of her motion for reconsideration, Plaintiff argues that the "Court's decision does not indicate that it considered Plaintiff's inability to discover [Ocwen Loan Servicing, LLC's ("Ocwen")] role in causing harm to Plaintiff until after the litigation portion of the [state court] foreclosure [action] had concluded." (Pl.'s Moving Br. 2, ECF No. 25-1.) In particular, Plaintiff contends that the Court overlooked correspondence from New Century Mortgage Corporation ("New Century") that "confirmed that [New Century] 'sold the loan' to Ocwen in 2002." (*Id.* at 2-3.) The Court's exclusion of a particular fact from its opinion does not, however, compel finding

that this fact was overlooked. On the contrary, such exclusion may indicate, as it does here, that the fact is not dispositive. *See Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) ("[O]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered may be the subject of a motion for reconsideration.").

Here, the correspondence from New Century is not dispositive on the issue of whether Plaintiff's Complaint is barred by the entire controversy doctrine. As an initial matter, the correspondence indicates that Ocwen was servicing the mortgage loan, which is consistent with proofs submitted in the state court foreclosure action. (Certification of Ira J. Metrick, Ex. E ("Dec. 10, 2014 New Century Letter"), ECF No. 25-7.) Moreover, the Court does not find that Plaintiff was unable to discover this correspondence in the state foreclosure action, where all of the tools of discovery were available including subpoenas. Accordingly,

**IT IS** on this 11th day of April 2016, **ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 25) is denied.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3